[No. 35048. Department Two. December 24, 1959.]

PAULINE ANN WESTOVER, *Respondent*, v. LORIS D. WESTOVER, *Appellant*.[1]

*Gibson & Palmer*, for appellant.

*Victor Haglund*, for respondent.

FINLEY, J.—The primary problem presented by this case is whether it is an abuse of discretion for the trial court, in a divorce action, to postpone consideration of the question of permanent custody of minor children of the parties until sometime subsequent to the entry of the divorce decree. The respondent wife instituted the divorce proceedings in April 1958, at which time the six minor children of the parties were attending school in the town of Quincy, Grant county. The appellant husband cross-complained for a divorce, charging cruelty and other grounds. Both parties sought custody of the children. On May 9, 1958, pending a trial on the merits, the trial judge entered an order granting the appellant husband temporary custody of the children until the end of the school term on June 8, 1958; and then, temporary custody of the children to be transferred to the

[1] Reported in 347 P. (2d) 825.

maternal grandmother in Bremerton, "until this action is concluded or until the further order of this court."

Trial on the merits was had on September 10, 1958. By this time the children, in accordance with the temporary order of custody, had left appellant's home in Quincy and were living with the maternal grandmother in Bremerton and were enrolled in school in that city. On November 5, 1958, the trial court entered its findings of fact, conclusions of law and decree. The court found respondent's charge of cruelty on the part of her husband to be unsupported by any evidence and denied her petition for divorce. Appellant husband's cross-petition was granted upon the ground of cruelty.

The trial judge made three findings relative to custody of the children: (1) the respondent wife was unfit to have custody; (2) the appellant husband was a fit person to have custody; and (3) the maternal grandmother was, also, a fit person to have custody. However, he delayed entry of a decree of permanent custody, since the children were presently enrolled and attending school in Bremerton, and further, there was some question as to the immediate ability of the appellant husband (who was employed full time in Quincy) to care for them during the daytime.

The trial judge ordered that temporary custody remain with the maternal grandmother, "provided, however, that on June 15, 1959, the parties hereto shall appear in this court, at which time the question of permanent custody of said children shall be considered by the court, and provided further that the Grant County Department of Welfare shall, prior to such date, investigate the [appellant's] ability to properly care for said children and the Kitsap County Department of Welfare shall similarly investigate [respondent's] ability to properly care for said children."

The appellant husband filed notice of appeal on November 21, 1958. As a result, all proceedings at the trial court level were stayed, and the hearing scheduled for June 15, 1959, was not had. Consequently, the children are still living with their maternal grandmother in Bremerton.

Appellant's primary contention is that, upon finding that

he was fit to have custody of the children, and the respondent unfit, it was an abuse of discretion for the trial court to award custody to the maternal grandmother rather than to him. We might be disposed to agree with his contention had the trial judge awarded permanent custody to the grandmother, subject only to subsequent modification upon a petition of either parent upon a claim of a change in circumstances. (See *Hansen v. Hansen* (1953), 43 Wn. (2d) 520, 262 P. (2d) 184.) However, no permanent award has yet been made. The question, therefore, is not whether the making of a permanent award to a stranger in the face of a finding that one of the parents of the children was fit to have custody would be an abuse of discretion. Rather, as indicated at the outset hereof, the question is whether the trial court, at the time of entry of the divorce decree, may postpone making a permanent award of custody in the face of the finding emphasized by appellant.

We are convinced that the trial judge acted properly. The trial judge, in making an award of custody of minor children, must do so in furtherance of the best welfare of the children and, in view of this responsibility, is necessarily vested with a wide latitude of discretion in the matter. *Lundin v. Lundin* (1953), 42 Wn. (2d) 186, 254 P. (2d) 460. At the time of entry of a divorce decree, the prospective ability of both parties to care for their children adequately may well be in doubt. Occasionally, it is only after a lapse of time, during which the parents have an opportunity to adjust to their new status, that an intelligent determination can be made as to permanent custody in terms of the best welfare of the children. If in the interim friends or relatives are able and willing to care for the children—and in fact have been so doing during the pendency of the divorce procedings—we cannot view it as an abuse of discretion for the trial judge to continue, temporarily, the *status quo* until some future date when a better evaluation of the situation can be made.

Though the appellant has also contended that under the evidence he should have been granted a divorce on grounds other than cruelty, we need not consider this matter, for

one who has prayed for a divorce cannot complain of that portion of the decree which grants it to him. *Fint v. Fint* (1942), 15 Wn. (2d) 443, 131 P. (2d) 426.

In conformity with the foregoing, the case should be remanded to the trial court with directions to follow through on the hearing, originally set for June 15, 1959; and thereafter, to make a final determination as to the custody of the children in terms of their best interests and welfare. The respondent is entitled to recover her costs on this appeal. It is so ordered.

WEAVER, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.

HILL, J. (concurring)—I concur in the opinion expressed, as to the propriety of the trial court's action as a temporary expedient; and I concur in the direction to the trial court; but I want to make clear that "best interests" of the children does not involve a weighing of the material advantages offered the children by the grandparents and the appellant father. He is entitled to the physical custody of his children, if he can satisfy the trial court that he can and will properly provide and take care of them in his home in Quincy. It takes a very strong case to overcome the presumption that a child's "best interests" are served by being with a parent who is a fit and proper person to have the custody of the child.

WEAVER, C. J., ROSELLINI, and FOSTER, JJ., concur with HILL, J.